ROSE SKALING *v.* MARK A. REMICK & a.

*McCabe & Fisher* (*Mr. John D. McCarthy* orally), for the plaintiff.

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Walter A. Calderwood* orally), for the defendants.

KENISON, J. The plaintiff, while recognizing that the Court has found against her on all material contentions, points to certain facts and circumstances which she claims compels a conclusion of undue influence if not fraud. The deed contained no restrictions; the agreement for support was never recorded and the defendants mortgaged the premises for $5,000 after the plaintiff departed. Emphasis is placed on the fact that the aged and worried plaintiff was naturally subject to influence by the defendants in whom she then placed confidence (*Edgerly* v. *Edgerly*, 73 N. H. 407, 408; *Webber* v. *Phipps*, 95 N. H. 1), that she was taken to the defendants' attorney (*Pevear* v. *Pevear*, 79 N. H. 524) and that less evidence of undue influence is necessary when eighty year old grantors dispose of their property to kind beneficiaries. *Harvey* v. *Provandie*, 83 N. H. 236. All of these factors are material but in each case cited the issue was whether such facts could afford a basis for the Trial Court to make a finding of undue influence. They do not stand for the proposition

that such evidence compels such a finding. The conflicting testimony of the plaintiff and the defendants presented an issue of fact for the Trial Court to resolve. *Wiggin* v. *Peacock*, 95 N. H. 329. Since the Court's findings that the agreement was not procured by undue influence and that the defendants have complied with its terms find support in the evidence, the plaintiff's exception to the decree must be overruled. *Whittemore* v. *Merrill*, 63 N. H. 614.

A copy of a letter dated February 26, 1947, from Attorney Chester to the plaintiff explaining the legal effect of the proposed deed and agreement for support was introduced in evidence. Plaintiff objected because she never received the letter and because it was subsequent to the date of the deed and agreement which was February 25. There was other evidence that the letter was mailed and that the plaintiff discussed the contents of the letter with the attorney the next day when the documents were actually executed. This rendered the evidence admissible. Anno. 51 A. L. R. 1498. See *Whelton* v. *Daly*, 93 N. H. 150; *Dubreuil* v. *Dubreuil*, 93 N. H. 14, 17.

Objection was made to the introduction of a copy of the support agreement which contained the signatures of the parties but no witnesses. Attorney Chester testified that the agreement was prepared and executed in triplicate, the original to the plaintiff, one copy to the defendants and the third, which was not witnessed, placed in the office file. The plaintiff denied having the agreement, and the defendants were unable to locate their copy. The absence of the original being satisfactorily accounted for, the office copy was admissible as the best evidence available. *Cf. Pickard* v. *Bailey*, 26 N. H. 152, 167; Laws 1949, c. 281. Since the attesting witnesses were not known at the time of trial, it was not necessary to prove the execution of the document by them. 4 Wig. Ev. (3rd *ed.*) *s.* 1314.

*Exceptions overruled.*

All concurred.